TRULINCS 43552069 - PADILLA-ROJO, RAMON - Unit: COL-B-C

----------------------------------------------------------------------

FROM: 43552069
TO:
SUBJECT: COMPASSIONATE RELEASE
DATE: 05/20/2020 06:53:51 PM

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
VS
RAMON PADILLA-ROJO

CRIMINAL CASE # 13-859(JAF)

MEMORANDUM IN SUPPORT OF
DEFENDANTS MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C.
35B2 (C) (1) (A)(i) IN VIEW
OF COVID 19 PANDEMIC

COMES NOW, Ramon Padilla-Rojo, Hereinafter petitioner, is requesting compassionate release pursuant to the newly - amended 18 U.S.C. 3582 (C) (1) (A) (i), the record in this case establishes petitioner's eligibility for compassionate release and supports an order reducing his sentence to time served. Petitioner's circumstances satisfy the "extraordinary and compelling reasons" standard under 3582 (C) (1) (A) (i), as to two elements of the required three element's, as elaborated by the sentencing commission in U.S.S.G 1B1.13, health concerns, and the time he has already served. As to the third element... based on his age, petitioner is request and praying that this court will exercise their discretion that's invested in them. U.S.S.G 1B1.13, Application note 1(B)/ After considering the applicable factors set forth in 18 U.S.C. 3553 (a), petitioner, respectfully request that the court reduce petitioner's sentence to the time he has served and modify the terms of supervised release to accommodate his release plan.

JURISDICTION AND PROCEDURAL HISTORY

On December 21, 2018, the president signed the First Step Act into law. Among its Criminal Justice Reforms, Congress amended 18 U.S.C. 35852 (C) (1) (A) to provide the sentencing judge jurisdiction to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier [.]" First Step Act of 2018, 603 (b), pub L. 115-391, 132 stat. 5194, 5239 (Dec. 21, 2018).

Petitioner, has exhausted his administrative remedies within the Bureau of Prisons (BOP). As the document is attached at exhibit A. Attest, consistent with the direction of the BOP program statement 5050.50, he submitted a request for a reduction in sentence and for compassionate release to the warden of FCC Coleman-Low on March 25, 2020. More than 30 days has passed, in accordance with 603 (b) of the First Step Act.

SENTENCE REDUCTION AUTHORITY UNDER 18 U.S.C. 3582 (C) (1) (A) (i)

TRULINCS 43552069 - PADILLA-ROJO, RAMON - Unit: COL-B-C

--------------------------------------------------------------------------------

This court has discretion to reduce the term of imprisonment imposed in this case. Based on 3582 (C) (1) (A) (i), which states in relevant part that the court "may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. 3553 (A) to the extent they are applicable, if it finds that ....extraordinary and compelling reasons warrant. Such reduction... and that such a reduction is consistent with applicable policy statements issued by the sentencing commission [.]" In 28 U.S.C. 994 (1), congress delegated to the sentencing commission the authority to "describe what should be considered extraordinary and compelling. Reasons for sentence reduction, including the criteria to be applied and a list of specific examples of "Extraordinary and compelling reasons" In U.S.C.G. 1B1.13 include petitioner's medical circumstances; as reviewed in program statement 5050.50, compassionate release / reduction in sentence (RIS).

In this case petitioner's medical condition consist of high blood pressure... On April 6, 2020, it was 196/100. On April 27, 2020, it was 196/100. On May 13, 2020 it was 196/101. Furthermore, Coleman-Low Institution has failed to properly control his high blood pressure. They have changed his medication and the amount of mg to a higher dosage and his high blood pressure consistently keeps raising. As of May 13, 2020 the physician Mr. Bake changed the medication's mg back to a lower mg of the medication which clearly proves that Coleman-Low physicians has failed to control his high blood pressure. Wherefore, this result in extraordinary and compelling reasons that warrant such reduction. In this case, petitioner, has served at least 75 percent of his term of imprisonment. Petitioner, is experiencing a serious deterioration in physical due to uncontrollable high blood pressure. Now, as the element of age.... As stated herein petitioner is requesting for this honorable court to exercise, their discretion under the extraordinary circumstance of COVID 19. Because, if petitioner were to contract COVID 19 according to CDC guidelines a person with uncontrollable high blood pressure. Their is a reasonable probability if such person contract's COVID 19 it would be deadly. Which results in a compelling reason that warrant this court to exercise its discretion as to the age of a petitioner... Who file a compassionate release and or a sentence reduction application in view of program statement PS 5050.50 Also be advised the First Step Act, the BOP's program statement retains relevance only to the extent that its criteria are broader that the standards set by the commission. U.S.S.G.1B1.13, comment. n. 1. (recognizing that the director of the BOP can designate additional "Extraordinary and compelling reason other than, or in combination with, the reasons described in" the commentary).

RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner, is serving a sentence for a total for a total of 108 months, following a guilty plea for conspiracy to posses with intent to distribute narcotics onboard a vessel as to count 1 & 2 and conspiracy to possess with intent to distribute a controlled substance as to count 3. And lastly, conspiracy to posses with intent to distribute a controlled substance aiding and abetting, as to count four.

TRULINCS 43552069 - PADILLA-ROJO, RAMON - Unit: COL-B-C
------------------------------------------------------------------------------------

Petitioner has been in custody in connection with the present offenses since his arrest in 2013, and has served 78 months of his 108 month sentence without incident. He is now 49 years old.

Notably, no health problems or diagnoses were noted in the 2013 pre-sentence investigation report ("PSI") prepared by the probation officer for his case. In the intervening a little more than a half a decade, BOP medical personnel have diagnose a serious medical condition called high blood pressure. See exhibit A, and once this honorable court request's petitioner's medical records, this court will and should corroborate the factual allegation set forth in exhibit A. Please be advised that petitioner has already requested his medical records. But as of yet, petitioner has not received his requested medical records. Petitioner's submission describe the impact of this condition on his ability to function, in general and in the prison environment.

Documentation of petitioner conduct in prison supports his compassionate release and demonstrates that his release will not endanger the community (See BOP records). Notwithstanding the extensive impediments to his health, petitioner conduct during his seven (7) years of incarceration is exemplary. His compliance with BOP rules and regulations is unblemished. Further, subject to his worsening physical limitations, he has completed an impressive collection of training programs while in custody.

Petitioner's community connections and release assets include the family with whom he plans to live with upon his release from custody. His family includes his daughter and son in-law and three grandchildren. As proposed to the BOP in his request for compassionate release, petitioner's release plan is to live with his daughter and son in-law in Lawrence, MA. See Exhibit B.

Petitioner, has established extraordinary and compelling reasons that warrants a sentence reduction.

Under the present statutory regime, the existence of extraordinary and compelling circumstances confers on this court the authority to consider the relevant 18.U.S.C. 3553 (a) factors and determine whether the circumstances warrant a sentence reduction.

This court should not give weight to the BOP's implicit denial of compassionate release. The statutory responsibility to decide where a motion to reduce should be granted falls to this court, not the BOP. Decisions about sentencing "[should] not be left to employees of the same department of Justice that conducts the prosecution." Sister v United States, 566 U.S. 231,242 (2012); see also id. at 240 ("[T]he bureau is not charged with applying 3553 (a).") under 3582 (c) (1) (A), it is the court not the BOP, that is charged with considering the "extraordinary and compelling reasons." Then evaluating whether the sentencing factors under 3553 (a), including public safety under there standard in 18 U.S.C. 3142 (g) warrants a reduction in sentence.

The First Step Act's amendment to 3582 (c) (1) (A) reflects the congressional aim to diminish the BOP's control over

TRULINCS  43552069 - PADILLA-ROJO, RAMON - Unit: COL-B-C

----------

compassionate release by permitting defendants to file sentence reduction motions directly with the sentencing court. The BOP's administration of the compassionate release program has long been the subject of criticism. The department of Justice's office of the Inspector General has repeatedly found that the program results in needless and expensive incarceration and is administered ineffectively. Department of Justice, office of the Inspector General, the Federal Bureau of Prison's compassionate release program, at 11(April 2013) ("The BOP does not properly manage the compassionate release program resulting in inmates who may be eligible candidates for release not being considered."); Department of Justice, office of the Inspector General, the impact of aging inmate population on the Federal Bureau of Prisons, at 51 (May 2015) ("although the BOP has revised its compassionate release policy to expand consideration for early release to aging inmate, which could help mitigate the effects of a growing aging inmate population. Few aging inmates have been release under it.") Aside from the expense and inefficiency, the human cost of the BOP's stinting view of compassionate release has been documented by prisoner advocates. Human rights watch & families against mandatory minimums, the answer is NO: too little compassionate release in US Federal Prisons (Nov. 2012).

With the enactment of the First Step Act, the authority shifts to this court and compelling reasons warrant a sentence reduction in this case without reference to any administrative agency.

### WITH FULL CONSIDERATION OF THE 3553 (A) FACTORS PETITIONER TIME SERVED CONSTITUTES A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACCOMPLISH THE GOALS OF SENTENCING

Under all of the circumstances in this case, the court should conclude that the time that petitioner has already served is sufficient to satisfy the purposes of sentencing. Under Pepper v United States, 562 U.S. 476,490-93(2011), the court can and indeed must, consider post-offense developments under 3553 (a), which provides "The most up-to-date picture" of the defendant's history and characteristics and "shed light on the likelihood that [THE DEFENDANT] will engage in future criminal conduct." Id At 492.

Here, the commission's policy statement recognizes that petitioner's circumstances are "extraordinary and compelling," which should weight heavily in the sentencing equation. Although the circumstances of the present offense qualified him for the serious sentence that this court originally imposed, his exemplary conduct during his lengthy incarceration and subsequent development of serious medical condition demonstrates both rehabilitation and compelling circumstances supporting his early release.

TRULINCS 43552069 - PADILLA-ROJO, RAMON - Unit: COL-B-C
--------------------------------------------------------------------------------

FROM: 43552069
TO:
SUBJECT: COMPASSIONATE RELEASE
DATE: 05/20/2020 06:52:51 PM

. As recognized in the sentencing commission's policy statement on physical condition, extraordinary impairments provide reasons for downward departures for "serious infirm" defendants, including to home detention at initial sentencing "as efficient as, and costly than, imprisonment," U.S.S.G. shi.4; see also 18 U.S.C. 3553 (a) (2) (d) (consideration of providing needed medical care in the most efficient manner). Petitioner's physical and mental following his health decline realistically forecloses a probability of dangerous recidivism. Further, at 49 years old petitioner's age places him in the class of prisoners least likely to recidivate. United States sentencing commission, the effects of ageing on recidivism among federal offenders (December 2017). Have undergone an extended period of incarceration, having experienced physical and mental deterioration, petitioner's release does not constitute a danger to any other person or the community.

The court should conclude that the 78 month sentence already served had sufficiently met the purpose after considering petitioner's extraordinary and compelling circumstances.

THE EXISTING CONDITION OF SUPERVISED RELEASE ACCOMMODATE THE REASONS
FOR THE SENTENCING REDUCTION)

Petitioner has formulated a solid release plan. The plan involves rejoining his family and living with one of his children. Should this court feel the need of additional supervision constraints, additional conditions can be considered. However petitioner's sentence include a 5 year supervision and the sentencing judgment does not impose other significantly restrictive conditions of supervision.

CONCLUSION

For the foregoing reasons, Ramon Padilla-Rojo motion for compassionate release is well-founded and should be granted.

Date: May 20, 2020

Respectfully Submitted

(s) _____
Padilla Rojo Ramon Reg # 43552-069
Federal Correctional Complex
Coleman-Low
PO Box 1031
Coleman, FL 33521

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion for Compassionate release was delivered via United States, via its Attorney of record, Jose A. Ruiz Santiago. Executed same day as signed. Dated: May 20, 2020.

(S) _____